FILED
CLERK, U.S. DISTRICT COURT

AUG 3 1 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

JUAN ANTONIO GUTIERREZ,      )

        Petitioner,      )

        v.      )

STATE OF CALIFORNIA,      )

        Respondent.      )

_____)

Case No.  CV 09-5943 CAS (AN)

ORDER DISMISSING HABEAS
PETITION FOR LACK OF
JURISDICTION

## I.  Summary

On August 14, 2009, Juan Antonio Gutierrez ("Petitioner") filed his pending petition for a writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2241 ("§2241"); he also refers to his petition as a "writ of *coram nobis*." (Pet. 1).  Pursuant to the Court's duty to conduct a prompt examination of the Petition and attached exhibits, the Court finds it lacks jurisdiction to consider the Petition, and that it must be summarily dismissed, for the reasons discussed below.

///

///

///

## II. Discussion

**A.    The Petition**

The Petition discloses Petitioner is not a state prisoner or in state custody; he resides in North Hollywood, California. (Pet. at 1.) According to his accompanying declaration in support of his request to proceed *in forma pauperis*, Petitioner is a self-employed car detailer. Even though he is not in state custody, the "State of California" is named as the respondent. (Pet. at 1.)

The Petition is directed at a state conviction for possession for sale of cocaine that Petitioner sustained on February 2, 2000, after he entered a no contest plea in the California Superior Court for Los Angeles County (case no. LA034143), as well as unspecified "deportation consequences." (Pet. at 2.) The Petition purports to raise one claim relating to his 2000 drug conviction. (*Id.*) Specifically, Petitioner appears to claim his underlying guilty plea was involuntary and must be set aside because his defense counsel told him he would not be deported if he pled guilty, and that his defense counsel rendered ineffective assistance by leading him to believe his guilty plea would not have any deportation consequences. (*Id.*)   The Petition is devoid of any factual allegations that establish Petitioner is federal custody or subject to any sort of order for his deportation or removal arising from his 2000 drug conviction; nor does he allege his "deportation consequences" violate the United States Constitution or any other federal laws or treaties.

The Petition shows Petitioner raised the same claim with the state courts by way of a petition for a writ of *coram nobis* that he filed with the superior court, which was denied. Petitioner responded by filing an appeal with the California Court of Appeal (case no. B209591). (Pet. at 4.) The court of appeal dismissed the appeal in a reasoned decision. *People v. Gutierrez*, no. B209591, 2009 WL 2025638 (Cal. App. 2 Dist./Div. 3 filed July 4, 2009) ("*Gutierrez*").[1] The court of appeal's decision in *Gutierrez* establishes Petitioner

---

[1]    Federal courts may take judicial notice of relevant state court records in federal habeas proceedings. *Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002).

Page 2

received and completed a 3-year term of summary probation instead of receiving a prison sentence. *Gutierrez*, 2009 WL 2025638 at *1. The court of appeal explained Petitioner's appeal was dismissed because it failed to raise a proper ground for relief. *Id*. at *3-4.

**B.     Standard of Review**

"Federal courts are always under an independent obligation to examine their own jurisdiction, . . . and a federal court may not entertain an action over which it has no jurisdiction." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

A district court may summarily dismiss a § 2241 petition where "it appears from the application that the applicant or person detained is not entitled" to relief. *See* 28 U.S.C. § 2243; *Ruby v. United States*, 341 F.2d 585, 586-87 (9th Cir. 1965) (affirming district court's order summarily dismissing habeas petition that failed to show petitioner was entitled to habeas relief and holding a district court must deny such a petition without speculating "whether or not it might be amended or supplemented to invoke the court's jurisdiction to grant some other remedy"). Further, habeas petitions brought pursuant to § 2241 are subject to the same screening requirements that apply to habeas petitions brought pursuant to 28 U.S.C. § 2254. Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), Habeas Rule 1(b) (providing district courts may apply the Habeas Rules to habeas corpus petitions that are not brought pursuant to § 2254). Under the Habeas Rules, the Court must promptly examine a petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Habeas Rule 4; *Mayle v. Felix*, 545 U.S. 644, 656, 125 S.Ct. 2566 (2005); *see also* Local Rule 72-3.2 (authorizing magistrate judge to prepare proposed order for summary dismissal and proposed judgment for district judge if it plainly appears from the face of petition that petitioner is not entitled to relief).
///

Page 3

C.      **Analysis**

      **1.**      **§ 2241**

      A § 2241 petition must "allege the facts concerning the applicant's commitment or detention, the name of the person who has custody over him and by virtue of what claim or authority, if known." As discussed above, the Petition fails to set forth any facts that show Petitioner is in state custody, or that the State of California is otherwise a proper respondent. Federal courts lack personal jurisdiction when a habeas corpus petition fails to name a proper respondent. *See Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994)(§ 2254 petitions); *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (§ 2241 petitions). Accordingly, the Court finds the Petition is subject to summary dismissal to the extent the Petition purports to be brought pursuant to § 2241 and names the State of California as the respondent even though it plainly appears that Petitioner is not in state custody.

      **2.**      ***Coram Nobis***

      As discussed above, Petitioner alternatively characterizes his Petition as a § 2241 petition for a writ of *coram nobis* based upon his apparent understanding that he cannot satisfy § 2254's "in custody" requirement since his 3-year term of summary probation for his 2000 drug conviction has expired. (Pet. 1.)

      In federal court, a writ of error *coram nobis* affords a remedy to attack the "lingering collateral consequences" of an unconstitutional conviction in cases where the petitioner has already fully served his sentence. *United States v. Walgren*, 885 F.2d 1417, 1420 (9th Cir. 1989). It "is an extraordinary writ, used only to review errors of the most fundamental character." *Matus-Leva v. United States*, 287 F.3d 758, 760 (9th Cir. 2002). Moreover, the writ is available only when there is no other remedy of a more usual character. *Id.; Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987). "The [writ] fills a very precise gap in federal criminal procedure. A convicted defendant in . . . custody may petition to have a sentence or conviction vacated, set aside or corrected under the federal habeas corpus statute." *Telink, Inc. v. United States,* 24 U.S. F.3d 42, 45 (9th Cir. 1994).

Page 4

Thus, a writ of *coram nobis* is available to someone who is not in custody at the time he or she seeks such relief. *See Estate of McKinney v. United States,* 71 F.3d 779, 781 (9th Cir. 1995).

To warrant *coram nobis* relief, a petitioner must establish that: (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III of the Constitution; and (4) the error is of the most fundamental character. *Matus-Leva,* 287 F.3d at 760. These requirements are conjunctive and the "failure to meet any one of them is fatal." *Id.*

Based upon the foregoing, the Court finds the Petition is subject to dismissal because it fails to set forth facts that show Petitioner is entitled to extraordinary *coram nobis* relief, either relating to his 2000 drug conviction or the unspecified "deportation consequences" he alludes to in his Petition. The Petition fails to show valid reasons exist for not attacking his conviction earlier. This is particularly true here. The state court of appeal's decision shows, on May 14, 2008, the superior court held an evidentiary hearing in response to Petitioner's state *coram nobis* petition and, during the hearing, Petitioner's testimony showed he had concerns about deportation consequences before entering his guilty plea. Further, the allusion to unspecified "deportation consequences" fails to satisfy Article III's case or controversy requirement because it is far too vague and ambiguous to show that Petitioner is facing, or will suffer from, any actual or impending adverse deportation consequences that violate his Constitutional rights or any other federal rights. Finally, the Petition fails to set forth facts that show his defense counsel was constitutionally ineffective by advising Petitioner that his guilty plea would not have any deportation consequences based upon the federal deportation laws that existed at the time he entered his guilty plea on February 2, 2000.

///

///

### III.  Conclusion

Based upon the foregoing, the reference to the Magistrate Judge is vacated and the Petition is summarily dismissed for lack of jurisdiction.  The Clerk is directed to enter judgment dismissing the Petition and notify the Petitioner.  Any other pending applications or motions are denied as moot.

DATED:    August 31, 2009

_____
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

Presented by:

_____
Arthur Nakazato
United States Magistrate Judge